CARL H. HILGERS, Respondent, *v.* ALPHONSE L. GOSSELIN, Appellant.

First Department, January 16, 1920.

**Corporations — pleading — complaint in action by creditor against sole stockholder for fraudulent representations — allegations tending to establish action for waste immaterial.**

Where a complaint alleges a cause of action against the owner of all the stock of a corporation for fraudulent representations whereby the plaintiff was induced to advance money and to give a certain amount of his time to the corporation, further allegations as to the fraudulent use of defendant's ownership of the stock in applying the funds of the corporation to his personal debts should be stricken out as immaterial because the plaintiff, being only a creditor, has no cause of action for wasting the funds of the corporation.

APPEAL by the defendant, Alphonse L. Gosselin, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of November, 1919, denying defendant's motion to strike out certain paragraphs of the complaint, and also from an order entered in said clerk's office on the 24th day of November, 1919, denying defendant's motion to compel plaintiff to separately state and number his causes of action.

*Chauncey E. Treadwell* of counsel [*John E. Roeser*, attorney], for the appellant.

*J. Harry Hull*, for the respondent.

SMITH, J.:

In order to understand this complaint we must turn to the contract entered into between the plaintiff and the defendant upon the 23d day of October, 1918. In that contract the plaintiff agrees to loan to the Forwarders Auto Trucking Corporation $2,500. The defendant was the owner of all the stock of that trucking corporation. The loan agreement further provided that when the dividends on ten per cent of the capital stock of said corporation should amount to $2,500, defendant would have issued to the plaintiff one-tenth of the capital stock of the corporation, and plaintiff was to receive a salary of $125 a month from the corporation.

The complaint sets out, in effect, this contract, and alleges that the defendant, by false and fraudulent representations, procured the plaintiff to enter into this contract, that said false and fraudulent representations were as to the value of the assets of the corporation, and that the plaintiff, relying upon such false representations, advanced the money and started in the employment of the corporation and duly carried out all of the terms of the contract referred to on his part.

In paragraph 10 it is alleged that the defendant mortgaged a valuable truck belonging to the corporation and applied the proceeds to himself or to a corporation controlled by him other than the corporation in question.

In the 11th it is alleged that the defendant refused to make the plaintiff a president and director of the said corporation.

In the 12th, that the defendant caused the said corporation to assume an $8,000 indebtedness and paid the said debt with the proceeds of the business of said corporation.

In the 13th, that the funds of the said corporation were used to pay the personal indebtedness of the defendant and of another corporation in which the defendant was interested.

And 14th. That although demanded, the ten per cent of the stock of the corporation was never turned over to the plaintiff and that the acts hereinbefore referred to were done with intent to defraud this plaintiff, first inducing him to loan $2,500 to the Forwarders Auto Trucking Corporation, and then to destroy the little value that the company had by withdrawing its funds and looting the company, in all to the plaintiff's damage of $3,000.

I am unable to find any cause of action upon the contract. He does not allege that ten per cent of the profits of the corporation ever amounted to $2,500, so as to entitle him to any stock of the corporation. The statement by the plaintiff in his brief that his cause of action is upon a fraudulent line of conduct, is too vague and has no legal significance as applied to the facts of this case. The plaintiff has alleged a cause of action for fraudulent representations, whereby he was induced to advance to this corporation $2,500 and was induced to give a certain amount of his time to the work of the corporation. For this fraud he may be entitled to damages.

He also alleges a fraudulent use of defendant's ownership of the stock in applying the funds of the corporation to his personal debts. But that cause of action lies primarily with the corporation and secondarily only with a stockholder. In no case does a cause of action for wasting the funds of a corporation lie with a creditor. The plaintiff is not, and never was, a stockholder, and under the allegations of his complaint could not be.

The allegations in the 10th, 11th, 12th, 13th and 14th paragraphs of the complaint are immaterial allegations to the only cause of action found to be alleged.

The order of November 3, 1919, should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted to the extent of striking from the complaint

the paragraphs marked 10th to 14th inclusive, with ten dollars costs of the motion.

The order of November 24, 1919, should be affirmed, without costs.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

Order of November 3, 1919, reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in opinion. Order of November 24, 1919, affirmed, without costs.